

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Nolan Queen
Criminal District Attorney
Weatherford, Texas

Dear Sir:

Opinion No. O-3834
Re: Criminal District Attorney may
employ clerk under Article
3902, V. A. C. S., when au-
thorized by Commissioners'
Court - Justice of the Peace
is not entitled to commissions
on fines and related matters.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"In this county, I am designated Criminal
District Attorney and I am on a straight salary
of $3000.00 per year. Would the Commissioners'
Court have the right to pay for my stenographer,
or clerk, necessary in the conduct of my busi-
ness, whether the fees of the office were suffi-
cient or not? This has always been done here,
and before I continue the practice, I just want-
ed to know your opinion on it.

"(2)

"This county has a population of 20,400
people, and the Justice of the Peace is on a
fee basis, limited to $1200.00 per year. He
has been charging $3.00 as a trial fee in a
plea of guilty, in criminal cases, and charg-
ing 15% of the fine, including 15% of the trial
fee. Is this a legitimate charge, and if he is
entitled to a commission on fines collected,
what would be his commission, and what would
be his trial fee in a plea of guilty, in crim-
inal cases?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(3)

"Do you think the marriage fees collected by the Justice of the Peace would be the fees of the office? Would they have to be accounted for as other fees?"

This department has repeatedly held that Commissioners' Courts are without authority to allow county and district attorneys to employ stenographers; we have likewise repeatedly ruled that Commissioners' Courts are authorized to allow county and district attorneys to appoint clerks under the provisions of Article 3902, V. A. C. S. See opinions Nos. 0-1874, 0-1930 and 0-2026 of this department, copies of which are enclosed herewith for your information. Criminal district attorneys are county officers and we understand from your letter that you are on the salary system and that you are paid from the Officers' Salary Fund of your county.

Section 4 of Article 3912e, V. A. C. S., applicable to all counties in this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, provides for the creation of an "Officers' Salary Fund" of said counties. This section further provides that such fund is to be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund and to pay the authorized expenses of office of such officers. Article 3902, V. A. C. S., authorizes the Commissioners' Court to allow such officers to appoint deputies, assistants and clerks and sets out the method of authorization and appointment.

In answer to your first question it is our opinion that the Commissioners' Court of Parker County has authority to allow you to appoint a clerk under the provisions of Article 3902, V. A. C. S., and pay said clerk out of the Officers' Salary Fund of your county, regardless of the amount of fees collected by you. However, the Commissioners' Court is without authority to allow you to appoint a stenographer.

The population of Parker County, Texas, according to the last preceding Federal Census of 1940, is 20,482 inhabitants.

Honorable Nolan Queen, Page 3

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 951, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The sheriff, or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

Honorable Nolan Queen, Page 4

This department has repeatedly ruled that a Justice of the Peace is not entitled to retain five per cent commission on fines collected. See opinion No. O-1162 of this department, a copy of which is enclosed herewith for your information.

In answer to your second question it is the opinion of this department:

1. Justices of the Peace of your county are not authorized by law to charge a trial fee of $3.00 in criminal cases. $2.50 is the trial fee provided by Article 1052, V. A. C. C. P., for Justices of the Peace of Parker County, a county having a population of more than 20,000 inhabitants according to the last preceding Federal Census of 1940.

2. The Justice of the Peace is not entitled to any commissions on fines or trial fees collected.

We quote from Article 3891, Vernon's Annotated Texas Civil Statutes, as follows:

". . . .

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensations whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office!"

In answer to your third question it is our opinion that marriage fees collected by the Justice of the Peace may be retained by him without accounting for same as fees of office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. [signature]*

Wm. J. Fanning
Assistant

APPROVEDSEP 3, 1942

*Gerald C. Mann [signature]*

ATTORNEY GENERAL OF TEXAS

WJF:OO
ENCLOSURES

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN